**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>) <br>      **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**DIANE ANTONE,** )<br>*aka Diana Antone,* )<br>)<br>      **Defendant.** )<br>_____ ) | **No. CR 06-01864-TUC-RCC [CRP]**<br><br>**REPORT AND RECOMMENDATION** |

Defendant filed a Motion To Suppress Evidence *[Dkt 16]*, arguing that a Border Patrol agent violated her Fourth Amendment rights when he stopped her vehicle. The Government opposes the motion. Because this Court finds that there was reasonable suspicion to support the stop of Defendant's vehicle, it is recommended that the District Judge, after his independent review and consideration, enter an order denying the motion.

**FACTS**

On September 17, 2006, Border Patrol Agent Adolfo Illas began his shift at the Casa Grande station at 6:00 p.m. From the station, he was driving southbound on Federal Route 15, "...to the line, to the work area I was assigned that day." RP 5-6.[1] As Agent Illas was driving to his assigned area, he heard "radio traffic" about a convoy of three or four vehicles heading north on FR 15. Based on that information, Agent Illas pulled off the road near milepost 15 to check the northbound traffic. [RP 9].

Defendant Antone drove by Agent Illas, headed north, in a 1994 Chrysler Concorde.

---

[1] "RP" stands for the Record of Proceedings of the Motion To Suppress Evidence hearing, March 2, 2007. The number indicates the page in the written transcript.

1   As the vehicle passed, Agent Illas noted that the vehicle was "riding heavy" even though only
2   one passenger [the driver] was visible. *Id.* While the vehicle was not part of a caravan of
3   vehicles, [RP 23], Agent Illas thought "it was worth looking." [RP 9].

4   After pulling in behind the Defendant's vehicle, Agent Illas observed it slowed down
5   from the speed limit, 55 mph, to about 35-40 mph. [RP 10]. Illas also noticed that the car
6   was "jumping" over bumps in the road, possibly because it was heavy. *Id.* Agent Illas was
7   riding in a marked Border Patrol Chevrolet Tahoe, which rides somewhat high. [RP 24].
8   Because of the slow speed, Agent Illas was able to drive quite close to Defendant's vehicle,
9   and he observed "palm prints elbow prints on the trunk lid." [RP 12].

10  Agent Illas called in for a registration check and stolen vehicle check on the 1994
11  Chrysler Concorde. The vehicle was not reported stolen. The registered owner was listed
12  as Mary Christine Antone of Sells, Arizona. [Ex. 2, p.2; RP 28-29].

13  After receiving the registration check, Agent Illas decided to stop the vehicle
14  Defendant was driving. Illas testified his reasons for stopping the car were:

15  > Based on the — — the weight, that is sitting low and it was
>   jumping and I saw palm prints, only one passenger, and the car
16  > was heavy, so I decided to activate my emergency equipment
>   and the vehicle stopped.
17

18  [RP 13]. In his police report, Agent Illas stated his reasons for stopping Defendant as
19  follows:

20  > Having knowledge about the heavy traffic of human smuggling
>   in this area, observing that the vehicle was riding low, the hand
21  > prints on the top of the truck, and the registered owner
>   information, I decided to initiate a vehicle stop.
22

23  Ex. 2, p.2.

24  **ANALYSIS**

25  The analysis of this motion is guided by the Supreme Court opinion in *United States*
26  *v. Arvisu*, 534 U.S. 266, 122 S. Ct. 744 (2002). In *Arvisu*, the Court reiterated the long-held
27  doctrine that the Fourth Amendment applies to vehicle stop cases, and that an officer must
28  have "reasonable suspicion" of criminal activity before temporarily stopping a vehicle.

1  *Arvisu*, 534 U.S., at 273, 122 S. Ct., at 750.  Reasonable suspicion is less than probable cause
2  and considerably less than a preponderance of the evidence, but must be more than a mere
3  "hunch."  Id. at 274, 122 S.Ct., at 751.  Instead, the officer's judgment must be based on
4  "particularized and objective" facts that support the suspicion that criminal misconduct is
5  presently, or soon to occur.  *Id.*, at 273, 122 S.Ct. at 750.

6  The holding of *Arvisu* reiterated that the court must apply a "totality of the
7  circumstances" test in considering whether facts support a determination of reasonable
8  suspicion of criminal conduct.  *Id.*, at 273, 275-278, 122 S.Ct., at 750, 752-753.  In other
9  words, facts may individually be subject to innocent explanation, but in their totality support
10 the determination of reasonable suspicion.  *Id.*, at 277-278, 122 S.Ct., at 753.

11 Earlier, the Supreme Court had described a non-exclusive list of factors that an officer
12 could consider when determining whether to stop a care, including:

13     1.    Characterization of the area, including proximity to the border;
14     2.    Information about recent activity in the area;
15     3.    Driver's behavior, including erratic driving or attempts to elude police officers;
16     4.    Characteristics of the vehicle, including whether it appears heavily loaded; and
17     5.    Characteristics of the people in the vehicle.

18 *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-885, 95 S.Ct. 2574, 2582 (1975).  The
19 officer is entitled to consider these factors in light of his law enforcement experience.  *Id.*,
20 at 885, 95 S.Ct., at 2582; *Ornelas v. United States*, 517 U.S. 690, 700, 116 S.Ct. 1657, 1663
21 (1996).

22 This case presents a close question.  Most important to Agent Illas was that the car,
23 with only one visible passenger, was riding low, and the palm prints on the truck lid. [RP 13].
24 In his report, Illas also identified his knowledge of human smuggling activities in that area,
25 and the car registration information.

26 In addition to the factors identified in his report, Agent Illas testified about his daily
27 briefings and the fact that the activity occurred during a shift change. [RP 7].  If a fact can
28 specifically and objectively support reasonable suspicion, it must be considered as part of the

1 totality of the circumstances, even though those facts are susceptible to innocent
2 interpretation. However, if the facts are not specific and objective support of the suspicion
3 of criminal activity, even if considered with other facts, it need not be considered. The car
4 registration and shift change arguments fall into this category.

5 The registration came back to a woman named Antone, living in Sells. The arrest
6 occurred within twenty miles of Sells. This cannot be considered suspicious unless the agent
7 knew specific information about Mary Christine Antone. Agent Illas did not testify about
8 any specifics in that regard.

9 The shift change argument is frequently raised, usually with scant foundation. This
10 case emphasizes the invalidity of the argument. Defendant was stopped at 8:55 p.m., five
11 minutes short of exactly midway between the 6 pm and midnight shift changes. If the shift
12 change argument has merit in this case, it creates a twenty-four hour a day shift change
13 factor.

14 While the registration information and shift change factors may be disregarded, other
15 factors support Agent Illas' decision to stop the vehicle. This Court determines that the
16 following facts support a finding of reasonable suspicion:

17     1. the car was riding low;
18     2. the palm prints on the trunk lid;
19     3. the intel about smuggling activity in the area; and
20     4. the vehicle dramatically slowing down.

21 The car riding low with only one visible passenger leads to the conclusion the car may
22 have something heavy in the trunk or below the windows. Ultimately, this conclusion was
23 borne out when three adult women were found in the trunk.

24 The hand prints on the dusty trunk lid are not conclusive by itself, but are suspicious
25 when considered with other factors. Given the slow speeds of the vehicles, allowing Illas to
26 follow closely from his high perch in the Chevrolet Tahoe, Agent Illas' testimony on this
27 point is credible.

28 Agent Illas testified about daily briefing, which advised concerning "intel about

1  smuggling activity between shift change" around the town of Ak-Chin, near FR 15 at
2  milepost 9. [RP 6-7-].   The specific characteristics of the area is an important factor
3  identified in both *Brinoni-Ponce*, and *Arvisu*.  While Agent Illas testified incorrectly about
4  the date of the arrest, perpetuating the mistaken date of September 27, 2006, used in the
5  Government's Response, this was a mere mistake and did not detract from the credibility of
6  the testimony concerning intelligence regarding alien smuggling activity in the area.

7  Finally, Agent Illas testified that when he followed the car Defendant was driving, she
8  slowed from the speed limit to 35-40 mph. [RP 11].  While few of us are so pious as to not
9  slow down when we see a law enforcement vehicle, such extreme slowing, 15 mph below
10 the speed limit, is suspicious, particularly when considered with the other factors.

11 The Defendant cited *United States v. Salinas*, 940 F.2d 392 (9th Cir. 1991), which
12 appears to have similar facts to this case and concluded that reasonable suspicion did not
13 arise.  Comparing one case to another is usually of little assistance in these cases, because
14 the totality of the circumstances test is so multifaceted.  *Ornelas*, at 698, 116 S.Ct., at 1662.
15 Here the intel about alien smuggling in the area and the driver's conduct in dramatically
16 slowing down distinguishes this case from *Salinas*.

17 Therefore, the Court recommends that the District Judge, after his independent review
18 and consideration, find that there was reasonable suspicion for the vehicle stop at issue in the
19 motion and enter an order **DENYING** Defendant's Motion To Suppress Evidence.

20 Pursuant to 28 U.S.C. § 636(b)(1)(B), the parties have ten (10) days from the date of
21 this Report and Recommendation to file written objections to these findings and
22 recommendations with the District Court.  Any objections filed should be filed as CR 06-
23 01864-TUC-RCC.

24 DATED this 26th day of March, 2007.

25
26  _____
27  CHARLES R. PYLE
    UNITED STATES MAGISTRATE JUDGE
28